PLEASANT J. PHILLIPS, plaintiff in error, *vs.* HENRY MC-NEICE, administrator, defendant in error.

1. Where a bill of exceptions was certified on January 24th, 1873, and service perfected on February, 17th, 1873, the writ of error will be dismissed. (R.)
2. A party being prejudiced in his rights by the action of the Judge after the presentation to him of the bill of exceptions for his signature, under circumstances which may be remedied by the writ of *mandamus,* must make his application for said writ on or before the third day of the term of this Court next after the the bill of exceptions is tendered, or he will not be heard.  Rule 29.  (R.)
3. An ackowledgment of "due and legal service" of the bill of exceptions, and a waiver of "all further notice and service," given after the expiration of the time within which service could have been legally perfected, will not prevent the dismissal of the writ of error.  (R.)

Practice in the Supreme Court.   Bill of exceptions.   Service.   Waiver.   Before the Supreme Court.   July Term, 1873.

When this case was called, counsel for defendant moved that the writ of error be dismissed, upon the ground that service of the bill of exceptions was not perfected until the expiration of more than ten days from the date of the Judge's certificate to the same.

Phillips *vs.* McNeice.

The bill of exceptions showed that it was signed by the Judge on January 24th, 1873, filed in the clerk's office on February 8th, and served by an acknowledgment on February 17th, 1873.

Counsel for plaintiff in error insisted that the acknowledgment of service cured the defect suggested.   The acknowledgment was as follows :

" I acknowledge due and legal service of the within bill of exceptions, including brief of evidence thereto attached, marked "Exhibit B," and Judge's certificate, and waive all further notice and service.   This 17th day of February, 1873.
(Signed)                    " VASON & DAVIS,
                    " Attorneys for defendant in error."

And if this position was not sustained, he proposed to make affidavit to the following facts, to-wit:   That he presented the bill of exceptions to Judge Harrell within thirty days from the adjournment of the term of Baker Superior Court, at which the rulings complained of were made; that subsequently, he inquired at the clerk's office and ascertained that the bill of exceptions had not been there received; that he then called upon Judge Harrell, who informed him that on the day of signing the bill of exceptions he had handed it to a Mr. Hawes, an attorney at law, to be delivered at once to the clerk; that he then saw Mr. Hawes, who took the bill of exceptions out of his pocket and handed it to him, Hawes having forgotten to deliver the same as directed ; that on the day he received said paper from Mr. Hawes, he obtained the aforesaid acknowledgment of service thereon; that the date of filing in the clerk's office is erroneous, and should have been February 28th; that he has applied to Judge Harrell for a certificate as to the aforesaid facts, and he has failed to deliver it to him.

Upon this affidavit, counsel proposed to apply for a *mandamus nisi* against Judge Harrell, requiring him to show cause why he should not certify to the facts therein contained.

The Court ordered that the writ of error be dismissed,

holding, upon the last ground urged by the plaintiff in error, that even if the facts justified a *mandamus nisi* against Judge Harrell, his application was too late under the twenty-ninth rule of Court.

BOWER & BOWER, for plaintiff in error.

VASON & DAVIS, for defendant.